UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ELICIA WILLIAMS                                           CIVIL ACTION

VERSUS                                                        NO. 24-426-BAJ-RLB

ATLANTIC SPECIALTY
INSURANCE COMPANY

**ORDER**

On or about April 29, 2024, Elicia Williams ("Plaintiff") filed this action in State court seeking recovery under an uninsured/underinsured motorist ("UM") insurance policy issued by Atlantic Speciality Insurance Company ("Defendant" or "ASIC"). (R. Doc. 1-1). Plaintiff alleges that in the underlying motor vehicle accident, she was driving a 2011 GMC Savana and the underinsured tortfeasor was driving a 2023 Camaro. (R. Doc. 1-1 at 4).[1] In the Petition, Plaintiff does not identify the specific amount of coverage provided under the UM insurance policy or otherwise identify the amount in controversy. Furthermore, Plaintiff does not seek recovery of any attorney's fees or statutory bad faith penalties under La. R.S. 22:1892 or La. R.S. 22:1973.

On May 30, 2024, ASIC removed this action asserting that the Court can exercise diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1). The Notice of Removal asserts that there is complete diversity because Plaintiff is a citizen of Louisiana and ASIC is a citizen of New York and Minnesota. (R. Doc. 1 at 2). The Notice of Removal also asserts that the jurisdictional amount in controversy requirement is satisfied in light of Plaintiff's alleged damages and because Plaintiff is seeking "at least" $100,000 pursuant to the UM insurance policy. (R. Doc. 1 at 3-4). As with the Petition, the Notice of Removal does not identify the

---

[1] Although not alleged in the Petition, the Intervenor Redwood Fire and Casualty Insurance Company asserts that the incident occurred while Plaintiff was "in the course and scope of her employment as a delivery truck driver" employed by Custom Delivery Services, Inc. (R. Doc. 15 at 1-2).

specific amount of coverage provided by the UM insurance policy. In a subsequently filed Answer, however, ASIC asserts that the "limit of the UM coverage under the ASIC Policy is the "minimum statutory 'Combined Single Limit' that is required by 'applicable law'." (R. Doc. 6 at 2; *see* R. Doc. 6 at 4).

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "[Federal courts] must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001); *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) ("The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction."). Furthermore, a federal court has an independent duty to determine whether it has subject matter jurisdiction over a case. *Abdalmatiyn v. Harrison*, No. 13-1935, 2013 WL 12126287, at *1 (N.D. Tex. May 24, 2013) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.")); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction. . . ." 28 U.S.C. § 1441(a). Federal courts have original diversity jurisdiction where the cause of action is between "citizens of different

States" and the "matter in controversy <u>exceeds</u> the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1) (emphasis added). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("[T]he jurisdictional facts must be judged as of the time the complaint is filed."). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

"[I]f an insurance policy limits the insurer's liability to a sum below the jurisdictional threshold, the fact that a claimant wants more money does not increase the amount in controversy." *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002); *see Robles v. Allstate Fire & Cas. Ins. Co.*, No. 20-00396, 2020 WL 3895778, at *3 (W.D. Tex. July 10, 2020), *report and recommendation adopted*, 2020 WL 6054942 (W.D. Tex. July 29, 2020) ("Because [the underinsured motorist coverage] policies only allow Robles to recover a maximum of $60,000 in damages, the amount in controversy falls below the jurisdictional minimum for establishing this Court's diversity jurisdiction.").

Here, the parties have filed a Joint Status Report stating the following with respect to the jurisdictional amount in controversy:

> At the heart of this dispute is the limit of liability for Uninsured and/or Underinsured benefits provided by the ASIC policy. ASIC's contention is that the limit of liability is $25,000. Plaintiff contends that the limit of liability is (at least) $100,000. ASIC has already tendered Plaintiff $25,000. Therefore, the amount in dispute is at least $75,000.

3

(R. Doc. 12 at 1). Elsewhere in the same filing, Plaintiff asserts that the the policy limit at issue is exactly $100,000 based on the policy language and applicable Mississippi law. (R. Doc. 12 at 1-2). Plaintiff further states that it "has made formal demands for the full $100,000 in policy limits" without indicating how any liability under the UM policy would exceed that amount. (R. Doc. 12 at 9).[2] ASIC, on the other hand, asserts that the policy limit is $25,000 based on the policy language and applicable Mississippi law. (R. Doc. 12 at 3)[3]

The problem is that the parties do not indicate whether ASIC tendered $25,000 to Plaintiff prior to removal. If ASIC paid this amount after removal, the Court would be satisfied (based on the record and the parties' representations) that Plaintiff was seeking $100,000 at the time of removal. But if ASIC tendered $25,000 Plaintiff <u>prior</u> to removal, then it appears that the "amount in controversy" at the time of removal would be exactly $75,000, *i.e.*, the $100,000 policy limits sought by Plaintiff minus the $25,000 already tendered. *See Henderson v. Allstate Fire & Cas. Ins. Co.*, 154 F. Supp. 3d 428, 432 (E.D. La. 2015) ("Here, plaintiff's insurance policy limits Allstate's maximum liability to $50,000. Allstate has already paid plaintiff $7,500, so the maximum amount that plaintiff can recover from Allstate under the policy is $42,500."). This exact amount of $75,000 in controversy is not sufficient to sustain diversity jurisdiction. *See Stonewall Ins. Co. v. Lopez*, 544 F.2d 198, 199 (5th Cir. 1976) (federal court lacks diversity jurisdiction when the amount in controversy exactly equals the jurisdictional amount); *Primerica Life Ins. Co. v. Martinez*, No. 10-660, 2011 WL 13324194, at *14 (W.D. Tex. Apr. 7, 2011), *report and recommendation adopted*, 2011 WL 13324203 (W.D. Tex. Apr. 25, 2011)

---

[2] Both the Notice of Removal and the Joint Status Report indicate that Plaintiff is seeking "at least" $100,000 under the UM insurance policy without providing any explanation how any recovery under the policy could exceed $100,000, the maximum policy limit as argued by Plaintiff.

[3] The parties appear to dispute whether the policy limit is $100,000 or $25,000 based on Mississippi Administrative Code of Rules Title 19, Pt. 4, R. 2.03.

(dismissing interpleader action pertaining to life insurance policy providing coverage exactly in the amount of $75,000).

In light of the foregoing,

**IT IS ORDERED** that Plaintiff and ASIC shall file appropriate briefs addressing the jurisdictional amount in this action. If ASIC tendered $25,000 to Plaintiff <u>after</u> removal, then the parties may submit an appropriate joint filing indicating such within **7 days** of the date of this Order. The Court will be satisfied upon such a filing that the amount in controversy requirement is satisfied.

Otherwise, ASIC must submit a memorandum, within **21 days** of the date of this Order, in support of its assertion that the jurisdictional amount in controversy requirement is satisfied. Plaintiff (and to the extent applicable, the Intervenor Redwood Fire and Casualty Insurance Company) shall file any response brief within **14 days** after ASIC files its memorandum in support of diversity jurisdiction.

If upon further review of the record the parties agree that the jurisdictional amount is not satisfied, then the parties may jointly seek remand of this action for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, on August 29, 2024.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**